# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DERRICK ANTAVIS OLIVER,** ) | |
| ) | |
| Petitioner, ) | **Civil Action No.: 3:23-CV-** |
| ) | |
| v. ) | |
| ) | |
| **DAVID LAMAN, as Warden of Bullock** ) | |
| **Correctional Facility,** ) | |
| ) | |
| Respondent. | |

## PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2254 AND REQUEST FOR EVIDENTIARY HEARING

COMES NOW, Derrick Antavis Oliver, ("Petitioner", or "Oliver") and files this his Verified Petition pursuant to 28 U.S.C. §2254 for a Writ of Habeas Corpus by a person in state custody, and request for evidentiary hearing, and as grounds therefore shows unto this Honorable Court as follows:

## JURISDICTION

1. This Court has jurisdiction over this Petition pursuant to 28 U.S.C. §1331 and 28 U.S.C. §2254.

## STATEMENT OF FACTS

2. On April 5, 2018, a Lee County Grand Jury indicted Petitioner for the Criminal Offense of Murder in violation of Ala. Code §13A-6-2(A)(1). On April 11, 2018, Petitioner pled not guilty.

3. On November 13, 2019, a Jury returned a verdict of guilty against Petitioner in the Circuit Court of Lee County, Alabama in Criminal Case No.: CC-2018-000341.00. Petitioner testified on his own behalf at trial.

4.     On February 18, 2020 the Trial Court sentenced Petitioner to serve 600 months in the Alabama Department of Corrections. Petitioner's AIS No. is 297362 and he is currently incarcerated in Bullock Correctional Facility which is located in the Middle District of Alabama.

5.     Prior to the Jury Trial conducted before the Circuit Court of Lee County, Alabama, in Case No.: CC-2018-00341.00, and on October 28, 2019, Petitioner testified before the Circuit Court of Lee County, Alabama (the "Trial Court") at a Pre-Trial Immunity Hearing conducted pursuant to Ala. Code 13A-3-23. Following the Hearing, the Trial Court denied Petitioner's Motion for Pre-Trial Immunity finding that Petitioner failed to prove by a preponderance of the evidence that he was entitled to Pre-Trial Immunity predicated on a lawful claim of self-defense.

6.     On March 11, 2020 Petitioner filed his initial Motion for New Trial, Motion for Evidentiary Hearing, and Request for In Camera Hearing. Pursuant to an agreement and Joint Motion(s) with the State of Alabama, (the "State"), the Trial Court continued the hearing on Petitioner's Motion for New Trial on a number of occasions to a date certain for the Trial Court to rule upon the same pursuant to Ala R. Crim. P. 24.4. (True and correct copies of Petitioner's Motion for New Trial together with any supplements and/or amendments thereto are attached hereto as Exhibit "A" and incorporated herein by reference).

7.     On December 2, 2020, the Trial Court conducted an Evidentiary Hearing on Petitioner's Motion for New Trial. However, a certified copy of the record of the jury trial proceedings was not available at the time the evidentiary hearing was conducted. This served to limit the scope of relief sought by Petitioner in his Motion for New Trial as well as the nature and scope of the hearing itself. Furthermore, Petitioner testified at trial and the certified transcript of Petitioner's testimony was not available.

8. On December 8, 2020, Petitioner filed his Memorandum Brief in Support of Motion for New Trial in the Circuit Court of Lee County, Alabama. (A true and correct copy of said Memorandum Brief is attached hereto as Exhibit "A-1" and incorporated herein by reference).

9. On December 18, 2020, the Trial Court entered an Order denying Petitioner's Motion for New Trial and his oral Motion for Recusal made at the evidentiary hearing on Petitioner's Motion for New Trial. (A true and correct copy of said Order is attached hereto as Exhibit "B" and incorporated herein by reference).

10. Petitioner has attached hereto as Exhibit "B-1" a true and correct copy of the court reporter's transcript of the evidentiary hearing on Petitioner's Motion for New Trial. The same is incorporated herein by reference in support of Petitioner's Petition.

11. On the 28th day of January, 2021, Petitioner filed his Notice of Appeal to the Alabama Court of Criminal Appeals. Petitioner's direct appeal was assigned Appeal Case No.: CR-20-0310. (A true and correct copy of said Notice of Appeal is attached hereto as Exhibit "C" and incorporated herein by reference).

12. On July 30, 2021, Petitioner filed his Brief of Appellant with the Alabama Court of Criminal Appeals.

13. On September 17, 2021, the State filed its Brief of Appellee with the Alabama Court of Criminal Appeals.

14. On November 1, 2021, Petitioner filed Appellant's Reply Brief with the Alabama Court of Criminal Appeals.

15. True and correct copies of the Brief of Appellant, Brief of Appellee and Appellant's Reply Brief are attached hereto as Exhibits "D", "E" and "F" respectively and incorporated herein by reference.

16. Issues II and III briefed in Petitioner's direct appeal to the Alabama Court of Criminal Appeals concerned, in part, the Trial Court's *sua sponte* removal of an African American juror and the Trial Court's ex parte and/or extra judicial communications with the trial juror resulting in the juror's removal from the trial jury together with trial counsel's deficient performance in the representation of Petitioner, who is a black male, during the proceedings resulting in the removal of the juror. (A true and correct copy of the court reporter's transcription of the proceedings regarding the sua sponte removal of the juror at trial by the Trial Court evidentiary proceedings are attached hereto as Exhibit "G" and incorporated herein by reference).

17. On December 10, 2021, the Alabama Court of Criminal Appeals released its 27-page Memorandum Decision in Case No.: CR-20-0310 affirming the judgement entered in the Circuit Court of Lee County, Alabama in Case No.: CC-2018-900341. (A true and correct of said Memorandum Decision is attached here to as Exhibit "H" and incorporated herein by reference).

18. In Petitioner's direct brief on appeal to the Alabama Court of Criminal Appeals, Petitioner raised 3 primary issues:

1. That the Trial Court abused its discretion by denying Petitioner's Motion for New Trial when the evidence clearly showed that a Juror failed to provide truthful responses propounded during voir dire resulting in prejudice to Petitioner; and,

2. That the Trial Court abused its discretion by denying Petitioner's Motion for New Trial and denying Petitioner's oral motion for recusal when the evidence clearly showed

that a Juror's extrajudicial and/or ex parte communications with the Trial Court were without Counsel's knowledge, revealed discrepancies in the matters discussed in Chambers and resulted in prejudice to Petitioner; and,

3. That the Trial Court abused its discretion by denying Petitioner's Motion for a New Trial based on Trial Counsel's deficient performance and Petitioner's allegations of ineffective assistance of counsel.[1]

19. On January 21, 2022, Petitioner filed his Petition for Writ of Certiorari in the Supreme Court of Alabama seeking a Writ of Certiorari issue to the Alabama Court of Criminal Appeals. (A true and correct copy of said Petition is attached hereto as Exhibit "I" and incorporated herein by reference).

20. On March 4, 2022 the Supreme Court of Alabama in Case No.: 1210253 entered its Certificate of Judgement denying Petitioner's Petition for Writ of Certiorari without opinion. (A true and correct copy of said Certificate of Judgment is attached hereto as Exhibit "J" and incorporated herein by reference).

21. Petitioner did not file a Petition for Writ of Certiorari with the United States Supreme Court challenging the judgment entered by the Supreme Court of Alabama.

22. However, on October 6, 2022, Petitioner filed a Petition for Relief pursuant to Rule 32 of the Ala. R. Crim. P. ("Rule 32 Petition"). (A true and correct copy of said Petition is attached hereto as Exhibit "K" and incorporated herein by reference.)

---

[1] Out of an abundance of caution, Petitioner plead ineffective assistance of trial counsel in his Motion for New Trial but did not have the benefit of the certified transcript on appeal in order to address the numerous issues of deficient performances by trial counsel in the Motion, or at the evidentiary hearing conducted on the Motion.

23. Petitioner prepared a Brief in Support of the Rule 32 Petition and on information, knowledge, and/or belief the same was presented to the trial court in open court. However, the Brief does not appear of record in the Rule 32 Petition record. Irrespectively, said Brief is labeled Exhibit "L", attached hereto and incorporated herein in partial support of Petitioner's Petition.

24. On April 24, 2023, Petitioner filed a Motion to Set Evidentiary Hearing requesting that the Circuit Court of Lee County, Alabama set Petitioner's Rule 32 Petition for an Evidentiary Hearing. (A true and correct copy of said Motion is attached hereto as Exhibit "M" and incorporated herein by reference).

25. Despite Petitioner's request for an evidentiary hearing in his Rule 32 Petition, Motion to Set Evidentiary Hearing and/or Brief in Support of Rule 32 Petition, Petitioner's request for the same was denied. (See Ex. "N").

26. On April 28, 2023 the Circuit Court entered its Order summarily denying the relief requested by Petitioner in his Rule 32 Petition. (A true and Correct copy of the Order is attached hereto as Exhibit "N" and incorporated herein by reference).

27. Petitioner did not appeal the denial of his Rule 32 Petition, or file any successive and/or additional Petitions to attack the conviction entered against him in the Circuit Court of Lee County, Alabama in Case No.: CC-2018-000341, instead he elected to proceed with the prosecution of this Petition.

28. Petitioner alleged five (5) grounds for relief in his Rule 32 Petition, as well as all grounds asserted in his Motion for New Trial.

29. Petitioner has exhausted his state court remedies and/or has been denied the opportunity to exhaust his remedies through the state court process, and/or circumstances exist that render the state court process ineffective to protect the rights of Petitioner.

30. The constitutional and/or federal legal grounds asserted by Petitioner as grounds for relief in this Petition are generally described as follows[2]:

1. Whether trial counsel was deficient in his performance in representing Petitioner thereby prejudicing Petitioner and denying Petitioner his constitutional rights to effective assistance of counsel and a fair and impartial trial by jury. (Ineffective assistance of counsel claim).

2. Whether the trial court erred in disallowing Petitioner to assert a defense of self-defense and/or erred in failing to charge the trial jury on the law of self-defense thereby violating Petitioner's constitutional procedural and/or substantive due process rights and right to a fair and impartial trial by jury. (Due process claims).

3. Whether the trial court erred in its *sua sponte* removal of a trial juror thereby violating Petitioner's constitutional rights of procedural and substantive due process and right to a fair and impartial trial by jury. (Due process and right to trial by jury).

4. Whether Petitioner's constitutional rights were violated by the judge presiding over the trial of Petitioner's case failure to enter an Order of Recusal due to his participation in ex parte communications with a juror and becoming a witness concerning the same. (Ex parte communications).

---

[2] Petitioner likewise and to the extent not duplicative of the grounds asserted herein, assert the grounds plead in his Motion for New Trial and Rule 32 Petition in support of this Petition for Writ of Habeas Corpus.

5. Whether Petitioner procedural and for substantive due process rights and right to a fair and impartial trial by jury were violated. (Due process and right to trial by jury).

31. The certified court reporter's transcript of the Circuit Court of Lee County, Alabama's proceedings conducted in Case No.: CC-2018-000341 were not available when Petitioner filed his Motion for New Trial, or when an evidentiary hearing was conducted on the Motion.[3]

32. Despite the unavailability of the trial transcript, and because claims of ineffective assistance of counsel must be raised as soon as practicable, Petitioner, to the extent possible, generally raised the issue of ineffective assistance of counsel in his Motion for New Trial and on direct appeal.

33. However, due to the unavailability of the certified trial transcript when Petitioner's Motion for New Trial, and evidentiary hearing were filed/conducted, Petitioner was precluded from fully exploring and presenting to the trial court all grounds supporting his ineffective assistance of counsel claims.[4] Furthermore, his Rule 32 Petition was summarily dismissed, thereby further preventing Petitioner from fully litigating his claims of ineffective assistance of counsel.

34. All remaining grounds for this Petition, again, to the extent possible without the aid and benefit of the certified record on appeal were presented by Petitioner in his Motion for New

---

[3] Counsel for Petitioner was able to obtain non-certified portions of the court reporter's transcript in advance of the evidentiary hearing on Petitioner's Motion. However, the portions were not complete, did not constitute a true and correct certified copy of the court reporter's transcript in Case No.: CC-2018-000341 and thereby prevented Petitioner from fully and properly presenting to the trial court, and Alabama's appellate courts the full extent and nature of Petitioner's trial counsel's deficient performance resulting in his ineffective assistance to Petitioner.

[4] Because a full evidentiary hearing on the issues of ineffective assistance of counsel could not be presented at the evidentiary hearing conducted on Petitioner's Motion for New Trial, and therefore could not be fully briefed on direct appeal, and as the trial court summarily dismissed Petitioner's Rule 32 Petition without an evidentiary hearing, <u>Petitioner has not been afforded his lawful opportunity to fully present his ineffective assistance of trial counsel's issues in state court.</u> However, to the extent possible and/or allowed, Petitioner presented the issue of ineffective assistance of trial counsel in his Motion or New Trial, on direct appeal, and in his Rule 32 Petition.

Trial, Memorandum Brief in Support of Motion for New Trial, on Direct Appeal and/or in Petitioner's Rule 32 Petition.[5]

35. The trial court's Order dated April 28, 2023 summarily dismissed Petitioner's Rule 32 Petition. This was done despite the provisions of Ala. R. Crim. P. Rule 32.2(a)(3) and (5) providing for issues of ineffective assistance of counsel to be raised for the first time in the Petition when the trial transcript of the underlying trial is not prepared in time for appellant to have reviewed the same in order to present the issues on direct appeal.

36. Despite Petitioner's best efforts, Petitioner has never been afforded an opportunity to fully present, or argue his ineffective assistance of counsel claims. However, as it relates to this issue, and the remaining grounds advanced by Petitioner in his Petition, he has exhausted his state remedies, or been precluded by the state court(s) from doing so.

37. This Petition is Petitioner's initial filing in federal court challenging the conviction and sentence entered against him in the Circuit Court of Lee County, Alabama in Case No.: CC-2018-000341 and no additional petitions are pending in any other state or federal court concerning the conviction or sentence.

38. The conviction being challenged by this Petition is the sole conviction and sentence imposed against Petitioner and Petitioner is not serving any other sentences concurrently or consecutively with the subject sentence.

39. The Alabama Supreme Court's Certificate of Judgment making the underlying judgment against Petitioner final was entered on March 4, 2022. However, this Petition is timely

---

[5] In order to Protect Petitioner's Constitutional rights, and to fully present Petitioner's grounds of ineffective assistance of counsel, Petitioner has requested an evidentiary hearing be granted Petitioner on this Petition.

and is not barred by 28 U.S.C §2244(d) as the statute of limitations was tolled by Petitioner's filing of his Rule 32 Petition on October 6, 2022 and remained tolled until the Circuit Court of Lee County, Alabama entered its Order dated April 28, 2023 summarily denying the relief sought by Petitioner in his Rule 32 Petition. Because the statute of limitations was tolled while Petitioner's case was litigated on direct appeal and pursuant to his properly filed Rule 32 Petition, this Petition is timely and due to be considered on its merits.

40.   Petitioner respectfully requests leave to file his memorandum(s) of law and/or brief(s) in support of this Petition upon Respondent having joined issued with Petitioner in these proceedings.

WHEREFORE, premises considered, Petitioner prays that this Court will take jurisdiction over this Petition, will grant Petitioner an evidentiary hearing on the grounds presented herein, and after conducting said evidentiary hearing and considering any evidentiary exhibits and/or memorandums of law submitted by the parties will enter an order directing that the conviction and sentence entered against Petitioner in the Circuit Court of Lee County, Alabama in criminal Case No.: CC-2018-000341 be vacated and Petitioner be released from the custody of the Alabama Department of Corrections.

Respectfully submitted this the 8th day of August, 2023.

/s/ *Davis B. Whittelsey*
Attorney for Defendant

**OF COUNSEL:**
Davis B. Whittelsey (WHI067)
WHITTELSEY & CORLEY, LLC
Post Office Box 106
Opelika, Alabama 36803–0106
Tel.: (334) 745–7766
Fax: (334) 745–7666

/s/ *Davis B. Whittelsey*
Attorney for Defendant

**OF COUNSEL:**
Davis B. Whittelsey (WHI067)
WHITTELSEY & CORLEY, LLC
Post Office Box 106
Opelika, Alabama 36803–0106
Tel.: (334) 745–7766
Fax: (334) 745–7666
E-mail: dwhittelsey@wwp-law.com

### VERIFICATION OF PETITION FOR WRIT OF HABEAS CORPUS

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

X _Derick Oliver_
DERRICK ANTAVIS OLIVER

STATE OF ALABAMA  )
                  :
COUNTY OF         )

Before me, the undersigned authority, personally appeared DERRICK ANTAVIS OLIVER, who, being by me first duly sworn deposes and says that the above and foregoing responses are true and correct to the best of his knowledge, information, and belief.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS THE 2nd DAY OF ~~JULY~~ August, 2023.

_____
NOTARY PUBLIC

W.P

3-25-24